Paul J. Yesawich, Jr., J.
Plaintiff, Hazel Cawley, was the operator of a motor vehicle which was struck in the rear by a motor vehicle which had been manufactured by General Motors Corporation and was owned by one Mitchell. This action, to recover damages for personal injuries, has been brought against the manufacturer on theories of breach of implied warranty and negligence. As to the former cause of action the complaint asserts that the accident was caused or contributed to by reason of the fact that the striking vehicle’s accelerator system was of faulty design and was comprised of improper materials.
Urging that the plaintiff operator, and her husband in his derivative action, lack privity, defendant has moved to dismiss the first cause of action and so much of the derivative action as pertains to the alleged breach of implied warranty. It contends that privity is still an element in such an action where recovery is sought by bystanders and strangers. In support of this con *769 tention it relies on Berzon v. Allen Motors (23 A D 2d 530) and Mull v. Ford Motor Co. (368 F. 2d 713).
In Berson v. Allen Motors {supra) the court refused to extend to bystanders the principle, enunciated in Goldberg v. Kollsman Instrument Corp. (12 N Y 2d 432) that a vendor is liable to contemplated users of an article for breach of a law implied warranty, for the reason that such a radical departure from established law, if it was to be accomplished, should be effected by legislative action. However, since that decision, by judicial pronouncement, a number of long-established precedents have been abolished and many concepts of liability have been radically altered, e.g. Spano v. Perini Corp. (25 N Y 2d 11); Flanagan v. Mt. Eden Gen. Hosp. (24 N Y 2d 427); Gelbman v. Gelbman (23 N Y 2d 434); Millington v. Southeastern Elevator Co. (22 N Y 2d 498).
In Mull v. Ford Motor Co. (supra) a majority of the court specifically declined to base their decision upon the nonexistence of a right in a bystander to recover for breach of an implied warranty. Further, at that time it appeared there was no ‘ ‘ clear and persuasive indication ” that the New York Court of Appeals would extend the relaxation of privity to bystanders (Mull v. Colt Co., 31 F. R. D. 154, 174).
But in this area of civil liability changes have been occurring with almost relentless momentum. Courts in other States, responding to the social need to protect injured persons, and not merely ‘ ‘ consumers ’ ’ and ‘ ‘ users ’ ’ have now extended liability without privity to bystanders and strangers. (Caruth v. Mariani, 11 Ariz. App. 188; Darryl v. Ford Motor Co., 4401 S. W. 2d 630 [Tex.]; Elmore v. American Motors Corp., 70 Cal. 2d 578; Mitchell v. Miller, 26 Conn. S. 142; and see, Wasik v. Borg, 423 F. 2d 44; and Sills v. Massey-Ferguson, Inc., 296 F. Supp. 776.) In New York the course taken to afford greater protection to the public has been to extend the concept of implied warranty. Now, it is clear, that notwithstanding the absence of privity, a cause of action for personal injuries arising from a breach of an implied warranty does exist in favor of strangers to the contract of sale. (Mendel v. Pittsburgh Plate Glass Co., 25 N Y 2d 340, 343; Goldberg v. Kollsman Instrument Co., supra.) Since the requirement of privity has been abandoned, and the breach alleged herein rests upon a tortious act from which the likelihood of injury to the plaintiff was reasonably to be foreseen, the motion is denied.