FRIEDA A. CIAMPICHINI, Individually and as Administratrix of the Estate of EMILIO J. CIAMPICHINI, Deceased, Appellant, *v.* RING BROS., INC., Respondent.

Fourth Department, January 18, 1973.

*Barlow, Miller, Rosenthal & Siegel (Chirlin & Sheldon,* by *Joseph H. Chirlin,* of counsel), for appellant.

*Smith, Murphy & Schoepperle (Robert E. Keller* of counsel), for respondent.

GOLDMAN, P. J. In this products liability case Special Term dismissed plaintiff's causes of action for breach of warranty

or strict tort liability as a matter of law, upon the ground that no such action exists in favor of a nonuser. The court stated that "we consider ourselves bound by the case of *Berzon* v. *Don Allen Motors, Inc.*" (23 A D 2d 530). We are asked to reconsider our prior holding in *Berzon* that no right of action exists in favor of a nonuser of the product involved in the accident. We resolve that issue now by laying to rest a principle which we believe outmoded and no longer adaptable to the rights of individuals in contemporary society. This re-examination of a question where justice demands it, as Chief Judge DESMOND stated in *Woods* v. *Lancet* (303 N. Y. 349, 355), is our duty and courts "act in the finest common-law tradition when we adapt and alter decisional law to produce common-sense justice".

The facts are uncomplicated. A truck owned by Quipco, Inc. and operated by one Andrews was pulling a trailer in an easterly direction on North French Road in the Town of Amherst, N. Y. The truck was attached to the trailer by a pintle hook or coupler which had been sold to Quipco by defendant Ring Bros., Inc. Soon after crossing the intersection of North French and Hopkins Roads, the pintle hook parted, the trailer became detached from its towing vehicle, crossed onto the left, or wrong, side of the road, and collided with the oncoming car operated by Emilio Ciampichini, to whom the accident was fatal. The plaintiff Frieda Ciampichini, a passenger in the car, sustained severe injuries. She brought this action for her personal injuries and for the wrongful death of the decedent on the theory that not only was the accident caused by the negligence of the operator of the trailer truck, but it also resulted because the defendant negligently manufactured the hook. This breach of the warranty that the hook was merchantable and fit for use as a trailer hitch, plaintiff contends, rendered the defendant strictly liable. Defendant moved pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss those portions of the complaint sounding in breach of warranty and strict tort liability and the motion was granted. A motion to reargue based upon the Third Department decision of *Codling* v. *Paglia* (38 A D 2d 154) was denied on the ground that Special Term was bound by our decison in *Berzon* v. *Don Allen Motors* (23 A D 2d 530, *supra*).

What would have been a radical departure from the doctrine in *Berzon* nine years ago is today the next logical step in the expanding scope of warranty liability. It is only the "distorted shadow" of privity which now precludes nonusers from the warranty protection granted to users (2 Harper and James, Law of Torts [1956], p. 1572, n. 6). The undermining of the

"citadel of privity" (see, Prosser, The Fall of the Citadel [Strict Liability to the Consumer], 50 Minn. L. Rev. 791) is almost complete in products liability law. This doctrine which precluded plaintiffs from recovery in an action for breach of implied warranty, absent privity between plaintiff and defendant, is fast losing its viability and properly so. The traditional view of limiting a seller's liability based upon privity received expression in *Chysky* v. *Drake Bros. Co.* (235 N. Y. 468) and *Turner* v. *Edison Stor. Battery Co.* (248 N. Y. 73). The gradual hewing away of the foundation of privity has been treated by text writers [1] and fostered by judicial decisions [2] for the last four or five decades.

Quite apart from other considerations, such as the application of statutes of limitation, it might be said that the Court of Appeals has in effect equated strict tort liability with strict liability in warranty or, in other words, has considered a breach of implied warranty involving a dangerous instrument as a tortious wrong separate and distinct from a breach of a sales contract (*Goldberg* v. *Kollsman, Instrument Corp.*, 12 N Y 2d 432). In *Mendel* v. *Pittsburgh Plate Glass Co.* (25 N Y 2d 340, 345) the court indicated that *Goldberg* did not establish a new action in tort but rather extended the concept of implied warranty by eliminating the requirement of privity. The court stated (p. 345) that "strict liability in tort and implied warranty in the absence of privity are merely different ways of describing the very same cause of action". A month later in *Guarino* v. *Mine Safety Appliance Co.* (25 N Y 2d 460, 464) the court reaffirmed its position that it did not believe that the theory of the action, whether it be negligence or breach of warranty, is significant where the doctrine of "danger invites rescue" is applicable. The court commented (p. 464): "A breach of warranty and an act of negligence are each clearly wrongful acts. Both terms are synonymous as regards fixation of liability, differing primarily in their requirements of proof". (See, also, *Ibach* v. *Donaldson Serv.*, 38 A D 2d 39.)

1. Feezer, Manufacturer's Liability for Injuries Caused by His Products: Defective Automobiles, 37 Mich. L. Rev. 1; Noel, Manufacturers of Products — The Drift Toward Strict Liability, 24 Tenn. L. Rev. 963; Prosser, The Assault Upon the Citadel (Strict Liability to the Consumer), 69 Yale L. J. 1099; Products Liability — Strict Liability in Torts, 2 New Mexico L. Rev. 91.

2. *Baxter* v. *Ford Motor Co.* (168 Wash. 456); *Piercefield* v. *Remington Arms Co.* (375 Mich. 85); *Elmore* v. *American Motors Corp.* (70 Cal. 2d 578); *Caruth* v. *Mariani* (11 Ariz. App. 188); *Lamendola* v. *Mizell* (115 N. J. Super. 514); Strict Tort Liability — Recovery, Ann. 33 ALR 3d 415.

Text writers have also considered strict tort liability and strict warranty liability as synonymous (2 Frumer and Friedman, Products Liability, § 16 A [4]). Prosser favors imposing liability in tort as opposed to a theory of strict warranty liability based upon contract implications (Prosser, The Fall of the Citadel, [Strict Liability to the Consumer], 50 Minn. L. Rev. 791, 802, *supra*). The doctrine of strict liability has received approval in the Restatement 2d, Torts (§ 402 A). This should not be surprising if we recall that the action upon a warranty originated as a tort action although it has generally been considered contractual (1 Williston, Sales [rev. ed.], §§ 195, 244a). Williston explains that the representation of fact which produced the bargain is a warranty and that an actual agreement to contract is not essential. He points out that the obligation of the seller is one imposed by law and that this fact has been lost sight of by some courts because assumpsit became so generally the remedy for the enforcement of a warranty.

We are not constrained to leave to legislative pronouncement the extension of warranty protection to nonusers. " Our courts have never hesitated to alter the substantive law of the State when justice so required " (*Thomas* v. *Leary*, 15 A D 2d 438, 442). The Uniform Commercial Code has left the door open to courts to extend the protection of warranty to greater numbers of plaintiffs (Uniform Commercial Code, § 2–318, N. Y. Ann.). The Official Comment to section 2–313 of the Uniform Commercial Code states that " Although this section is limited in its scope and direct purpose to warranties made by the seller to the buyer as part of a contract for sale, the warranty sections of this Article are not designed in any way to disturb those lines of case law growth which have recognized that warranties need not be confined either to sales contracts or to the direct parties to such a contract. * * * The provisions of Section 2–318 on third party beneficiaries expressly recognize this case law development within one particular area. Beyond that, the matter is left to the case law with the intention that the policies of this Act may offer useful guidance in dealing with further cases as they arise ".

The imposition of liability has been a gradual process usually achieved by judicial decisions through the creation of exceptions to the privity doctrine and culminating in a recognition of strict tort liability. The pattern in New York has been to eliminate the privity requirement (1) with respect to food and beverages (*Greenberg* v. *Lorenz*, 9 N Y 2d 195); (2) when dealing with inherently and imminently dangerous products

(*Thomas* v. *Winchester*, 6 N. Y. 397; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382); (3) in an action against a manufacturer for breach of express warranty (*Randy Knitwear* v. *American Cyanamid Co.*, 11 N Y 2d 5); (4) in the case of implied warranty where the breach was not only considered a violation of the sales contract but also as a tortious wrong suable by a noncontracting party whose use was within the reasonable contemplation of the manufacturer (*Rooney* v. *Healy Co.*, 20 N Y 2d 42; *Goldberg* v. *Kollsman Instrument Corp.*, 12 N Y 2d 432); (5) in the case of an employee of the purchaser as a contemplated user (*Thomas* v. *Leary*, 15 A D 2d 438); (6) and finally in the case of nonusers, bystanders and strangers (*Codling* v. *Paglia*, 38 A D 2d 154; *Singer* v. *Walker*, 39 A D 2d 90; *Cawley* v. *General Motors Corp.*, 67 Misc 2d 768).

Perhaps the issue is best presented and answered by the language in 2 Harper and James, Law of Torts (1956) (p. 1572, n. 6), where the authors question why bystanders and other third persons who happen to be in the path of harm should be excluded from recovery on a warranty theory. The writers state: "Such injury is often a perfectly foreseeable risk of the maker's enterprise, and the considerations for imposing such risks on the maker without regard to his fault do not stop with those who undertake to use the chattel. Such a restriction is only the distorted shadow of a vanishing privity which is itself a reflection of the habit of viewing the problem as a commercial one between traders, rather than as part of the accident problem."

It is both reasonable and just to extend to bystanders the protection against a defective manufactured article. To restrict recovery to those who are users is unrealistic in view of the fact that bystanders have less opportunity to detect any defect than either purchasers or users. Our decision is one of policy but is mandated by both justice and common sense. We should not and do not hesitate to extend the ambit of implied warranty to include bystanders.

The order appealed from should be reversed and the motion to dismiss the causes of action for breach of warranty or strict tort liability should be denied.

WITMER, J. (concurring). I concur in the result and in the opinion of the court insofar as it sustains the cause of action for breach of implied warranty in favor of a nonuser of the product. I write only because the court has failed to distinguish between such a cause of action and one founded on strict tort liability, and indeed it has declared that an action based on strict liability

in tort may be maintained. The majority write, " Our decision is one of policy but is mandated by both justice and common sense " (p. 293). Insofar as the decision rests upon breach of implied warranty I agree with this statement (see *Singer* v. *Walker*, 39 A D 2d 90, 95–99; *Codling* v. *Paglia*, 38 A D 2d 154); and were it not for the Court of Appeals' decision in *Mendel* v. *Pittsburgh Plate Glass Co.* (25 N Y 2d 340) in which it expressly refused to adopt the doctrine of strict liability in tort, I would completely agree with the majority opinion.

In *Mendel* (*supra*), the court divided 4 to 3 on this precise issue. There the product, a set of glass doors, was sold to a bank in 1958. In 1965 plaintiff was injured in walking through the doors and brought suit against the manufacturer of the doors which had installed them in 1958. The basic issue before the court was whether a cause of action should be permitted to arise as of the date of plaintiff's injury rather than the date of the sale of the doors in 1958. The court observed (p. 343) that in *Blessington* v. *McCrory Stores Corp.* (305 N. Y. 140) it had " held the six-year contract Statute of Limitations applicable to an action seeking recovery for personal injuries arising out of a breach of implied warranty  *  *  *  ' although such a breach of duty may rest upon  *  *  *  a tortious act ' ". The court continued (pp. 343–344) " The appellants argue that *Blessington* does not apply to the instant case because our decision in *Goldberg* v. *Kollsman Instrument Corp.* (12 N Y 2d 432) created in favor of third-party strangers to the contract, a cause of action in tort and not in warranty and, therefore, the three-year-from-the-time-of-the-injury, rather than the six-year-from-the-time-of-the-sale, limitations period should apply. We do not agree.  *  *  *  After determining [in *Goldberg*] that the cause of action should exist, two avenues were open to us — either to establish, as other jurisdictions already had, a *new action in tort; or to extend our concept of implied warranty* by doing away with the requirement of privity. While there is language in the majority opinion in *Goldberg* approving of the phrase ' strict tort liability ', it is clear that *Goldberg* stands for the proposition that notwithstanding the absence of privity, the cause of action which exists in favor of third-party strangers to the contract is an action for breach of implied warranty." (Emphasis supplied.) The court held that as a matter of policy it would not embrace a cause of action founded on strict liability in tort (*Mendel, supra*, p. 346). Although " strict liability in tort and implied warranty in the absence of privity are merely different ways of describing the very same cause of action "

(*Mendel, supra,* p. 345), a careful differentiation of them is necessary for clear analysis.

In the opening paragraph of his dissenting opinion Judge BREITEL stated the point of division of the court (p. 346), as follows: '' The issues in this case are whether a cause of action in so-called strict liability for an unreasonably dangerous condition in a defective product sounds in contract for breach of warranty or in tort, and whether the applicable Statute of Limitations runs from the sale and delivery of the defective product or the date of the injury to the plaintiff.'' His persuasive argument in favor of the adoption of a cause of action founded on strict liability in tort did not sway the majority from their policy determination against accepting such a cause of action in New York. As we noted in *Ibach v. Donaldson Serv.* (38 A D 2d 39, 43), the *Mendel* decision has been subjected to considerable academic criticism. Nonetheless, it has established the law in New York that injured '' third-party strangers '' have only a cause of action in implied warranty and not one in strict tort liability.

Had the Court of Appeals not recently spoken so directly on this subject, it might be open to our court to make the policy declaration which the majority have done. I would have no hesitancy in joining the court in a precatory statement that we should like the Court of Appeals or the Legislature to adopt a cause of action in strict tort liability. As a jurist on an intermediate court, however, I cannot bring myself to declare to be the law that which the Court of Appeals has so recently refused to adopt.

Since the decision in this case is governed by the application of the extended doctrine of implied warranty, there is no occasion for our court to consider the rejected doctrine of strict tort liability; and since our decision is controlled by the former, this is not a case for presenting to the Court of Appeals the matter of reconsidering its holding in *Mendel.*

Because of this recent pronouncement by the Court of Appeals in *Mendel (supra)* that injured '' third-party strangers '' have only a cause of action in implied warranty and not in strict tort liability as that doctrine is recognized in other jurisdictions, I would rest the decision in this case solely on an extension of the doctrine of implied warranty and would refrain from any consideration of strict tort liability.

DEL VECCHIO, CARDAMONE and HENRY, JJ., concur; WITMER, J., concurs in a separate opinion.

Order reversed with costs and motion denied.