██ DAVID OLIVER et al., Appellants, v NAMCO CONTROLS, an ACME CLEVELAND COMPANY, Respondent, et al., Defendants. (Appeal No. 1.)—Order reversed on the law without costs and defendant NAMCO Controls' motion for summary judgment denied. Memorandum: Supreme Court erred in granting defendant NAMCO's motion for summary judgment to the extent of dismissing plaintiff's complaint alleging liability for failure to

warn. The manufacturer of a product has a duty to provide instructions and warnings on its proper and safe use *(McLaughlin v Mine Safety Appliances Co.,* 11 NY2d 62; *Ciampichini v Ring Bros.,* 40 AD2d 289). The duty extends to persons exposed to a foreseeable and reasonable risk of harm by the failure to warn *(Howard Stores Corp. v Pope,* 1 NY2d 110, *mot to amend remittitur denied* 1 NY2d 806). The instructions or warnings must alert the user to avoid unsafe uses of the product which would otherwise appear to be normal and reasonable *(Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55). The adequacy of the instruction or warning is generally a question of fact to be determined at trial *(Tucci v Bossert,* 53 AD2d 291) and is not ordinarily susceptible to the drastic remedy of summary judgment *(see, Ugarriza v Schmieder,* 46 NY2d 471).

Here, plaintiff was injured when molten metal extruded from a die-casting machine and struck him. Plaintiff's employer, third-party defendant Doehler-Jarvis, incorporated limit switches manufactured by NAMCO in its die-casting machine. The limit switch was used by Doehler as a safety device to prevent a shot of molten metal from entering and escaping a die when it was only partially closed. NAMCO provided no warnings or instructions that limit switches were not to be used for that purpose.

Key to NAMCO's liability is whether it should have foreseen the particular purpose for which the limit switch was to be used and the particular danger that such use posed. Defendant NAMCO has offered proof establishing that, although it manufactured and sold millions of limit switches which were used for a number of purposes, it had never sold its switches directly to Doehler. NAMCO argues that, under the circumstances, it could not reasonably foresee Doehler's particular use of the switch as a safety device and, hence, is not liable for failing to warn against such use. Plaintiff has submitted proof of the purpose served by the limit switch and of NAMCO's awareness that limit switches were supplied to Doehler. Additionally, plaintiff has submitted an affidavit of a mechanical engineer who opined that NAMCO was negligent in failing to warn and instruct machine assemblers, maintenance personnel, and the ultimate user, of the danger associated with the limit switch's ability and limitations to detect partial closure in die-casting machines. Under the circumstances, plaintiff has come forward with sufficient proof to raise a triable issue of fact with respect to NAMCO's knowledge of the particular purpose for which the limit switch was used by Doehler and

the need for adequate warnings and instructions with respect to its installation and use as a safety device.

Turning to the order which granted defendant ALCOA partial summary judgment, the court erred in determining as a matter of law that plaintiff could not recover on claims based on inadequate inspecting, testing, and warning. Plaintiff has submitted proof sufficient to raise a triable issue of fact on ALCOA's duty to warn. The evidence demonstrates that the die industry was aware at the time ALCOA manufactured the die of the problem with molten metal flashing out between the two die halves.

ALCOA failed to submit evidence in support of its application for summary judgment on the issue of negligent inspection and testing of the die. Accordingly, it was error for the court to grant ALCOA's motion on that cause of action (see, Mulhauser v Wood, 107 AD2d 1019).

Finally, we find no merit to defendant ALCOA's contentions that the court erred by denying its motion for summary judgment to dismiss plaintiff's complaint in its entirety.

All concur, except Doerr and Boomer, JJ., who dissent and vote to affirm the order, in the following memorandum.

Doerr and Boomer, JJ. (dissenting). We respectfully dissent. We would modify the orders only to reinstate plaintiff's claim against defendant ALCOA alleging inadequate testing, for the reasons stated in the majority memorandum. However, in our view, the court properly dismissed plaintiff's claim against NAMCO alleging failure to warn. There is no evidence that the limit switch manufactured by NAMCO was defective. NAMCO, which produced a specialized component part for general distribution, cannot be reasonably expected to anticipate every possible use to which one of its switches might be put and to warn of any possible dangers associated with such use. The design and assembly of the machine into which NAMCO's limit switch was installed was solely the responsibility of plaintiff's employer. The manufacturer of a component cannot be required to warn the ultimate user of the machine concerning dangers about which it was in no position to know (see, Leahy v Mid-West Conveyor Co., 120 AD2d 16, lv denied 69 NY2d 606; Munger v Heider Mfg. Corp., 90 AD2d 645).

We further conclude that the court properly dismissed plaintiff's claim against ALCOA alleging failure to warn him of the danger of molten metal extruding from between the die halves because ALCOA's failure to warn was not the proximate cause of plaintiff's injuries as a matter of law. It is clear from

the record that plaintiff was aware of the possibility of metal flashing, that he had observed such an occurrence between 20 and 30 times prior to his accident, and that immediately preceding his accident, plaintiff intentionally stood six feet away from the machine in an area that was considered to be safe from the danger of metal flashing. Consequently, any warnings ALCOA might have provided merely would have informed plaintiff of a danger which he already appreciated *(see, Torrogrossa v Towmotor Co.,* 44 NY2d 709, 711; *Belling v Haugh's Pools,* 126 AD2d 958, 959, *lv denied* 70 NY2d 602; *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65). (Appeal from order of Supreme Court, Orleans County, Miles, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Davis and Lowery, JJ.