■ DAVID OLIVER et al., Appellants-Respondents, v N.L. INDUSTRIES, INC., Respondent-Appellant.—Order and judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: This is an action to recover damages for personal injuries sustained by plaintiff David Oliver during the course of his employment when he was struck by molten metal which extruded from a die casting machine. Plaintiff's complaint alleges causes of action for negligence, breach of warranty and strict liability. A related appeal involving codefendants was previously before this Court *(see, Oliver v NAMCO Controls,* 161 AD2d 1188).

In our view, Supreme Court erred in granting defendant N.L. Industries summary judgment on the issue of "adequacy of warnings and instructions". The failure to warn is essentially a case of negligence and the drastic remedy of summary judgment is rarely granted since the very question of whether a defendant's conduct amounts to negligence is inherently a question for the trier of fact in all but the most unusual instances *(Cooley v Carter-Wallace Inc.,* 102 AD2d 642, 648). It is undisputed that no warnings about the danger of molten metal flashing out appeared on the die casting machine on which plaintiff was working. In fact, there were no warnings of any kind on the machine. The record also establishes that defendant was aware of the danger of premature release of molten metal from die casting machines prior to the accident. Thus, as in the companion appeal, we conclude that there is a triable issue of fact as to the adequacy of the warnings and instructions *(see, Oliver v NAMCO Controls, supra).* Supreme Court, however, properly granted defendant N.L. Industries' motion for summary judgment with respect to liability for "defective limit switches" which were manufactured by code-

fendant NAMCO Controls *(see, Oliver v NAMCO Controls, supra).*

Plaintiffs' action is not barred by the exclusivity provisions of the Workers' Compensation Law *(see,* Workers' Compensation Law §§ 11, 29 [6]; *Cunningham v State of New York,* 60 NY2d 248, 252-253). Supreme Court properly concluded that this case comes within the narrow exception recognized in *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152), wherein it was held that an employer who independently assumed the obligations and liabilities of a third-party tortfeasor could not avail itself of the exclusivity provisions of the Workers' Compensation Law *(see, Lynn v McDonnell Douglas Corp.,* 134 AD2d 328, 329-330; *Hull v Aurora Corp.,* 89 AD2d 681). (Appeals from Order and Judgment of Supreme Court, Orleans County, Miles, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.