■ DAWN M. BEYRLE, Appellant, v TERRI FINNERON et al., Defendants, MICHAEL SNOW, Appellant, and ROOTO CORPORA- TION, Respondent. (Appeal No. 1.) [606 NYS2d 465] —Order unani- mously reversed on the law without costs, motion denied and complaint against defendant Rooto Corporation reinstated. Memorandum: Supreme Court erred in granting the motion of defendant Rooto Corporation for summary judgment. Plaintiff asserted that she was injured when she came into contact with drain cleaner that was splashed about the bathroom of the bar at which she was a patron. Plaintiff alleged that the drain cleaner was inherently dangerous and had inadequate warnings informing users of its dangerous propensities.

The duty of a product manufacturer to provide instructions or warnings on the proper and safe use of the product is well established (see, e.g., Oliver v NAMCO Controls, 161 AD2d 1188; Cooley v Carter-Wallace Inc., 102 AD2d 642). The warn- ings must alert the user to avoid unsafe uses of the product that would otherwise appear to be normal and reasonable (Oliver v NAMCO Controls, supra, at 1189; see, Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55). The adequacy of the instruction or warning is generally a question of fact to be determined at trial and is not ordinarily suscepti- ble to the drastic remedy of summary judgment (Cooley v Carter-Wallace Inc., supra; see, Oliver v N. L. Indus., 170 AD2d 959).

The adequacy of the warning on the drain cleaner container is a question of fact precluding summary judgment. Rooto contends that the superseding criminal act of a patron of the bar in splashing the drain cleaner in the bathroom absolves it of liability. Rooto has failed, however, to submit evidence in admissible form that the patron of the bar intentionally and

willfully splashed the drain cleaner on the bathroom walls and floor. (Appeals from Order of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.