(March 14, 1996)

■ Olayinka Babalola et al., Respondents-Appellants, v Crystal Chemicals, Inc., et al., Appellants-Respondents, and Modern Sanitation Systems, Inc., Respondent. Crystal Chemicals, Inc. Third-Party Plaintiff-Appellant, et al., Third-Party Defendants. [644 NYS2d 1]

This is an action to recover for personal injuries allegedly suffered as a result of the inhalation of toxic fumes that arose from the use of a janitorial product bottled and labeled by defendant Canberra and shipped to defendant Crystal for distribution with the Crystal label.

The IAS Court properly determined that plaintiff's causes of action predicated on the inadequacy of the product label were preempted by the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA; 7 USC § 136 *et seq.*) and the regulations promulgated thereunder (*see, June v Laris*, 205 AD2d 166, *lv denied* 85 NY2d 955; *Warner v American Fluoride Corp.*, 204 AD2d 1).

We reject plaintiffs' argument that defendants should be estopped from asserting the preemption defense because the label ultimately affixed to the product was different from the one approved by the Federal regulatory agency (*see, Papas v Upjohn Co.*, 926 F2d 1019, 1026, n 8, *cert granted and judgment vacated on other grounds sub nom. Papas v Zoecon Corp.*, 505 US 1215; *Kemp v Pfizer, Inc.*, 835 F Supp 1015, 1022; *Reutzel v Spartan Chem. Co.*, 903 F Supp 1272, 1283-1284; *but see, Hurley v Lederle Labs. Div.*, 863 F2d 1173, 1179-1180; *Roberson v duPont de Nemours & Co.*, 863 F Supp 929, 932-933). In any case, the undisputed evidence shows that any variations in the label used by Canberra for distribution under Crystal's name which were required to be submitted to the agency in a "supplemental registration" were properly submitted. Moreover, we find that the IAS Court properly rejected plaintiff's argument that FIFRA does not apply because of the failure to submit to the agency the "material safety data sheet" prepared for the product, and her argument that a failure to warn cause of action based on the information, or lack thereof, contained in the data sheet is not preempted (*see, Taylor AG Indus. v Pure-Gro*, 54 F3d 555, 561).

The amended causes of action setting forth nonlabel-related design defect claims were properly allowed, as such claims remain viable under FIFRA (*see, Wallace v Parks Corp.*, 212 AD2d 132, 137-138), and the expert opinion submitted in support of their merit had a sufficient basis in the record and was therefore not conclusory (*cf., e.g., Putrino v Buffalo Athletic*

*Club*, 82 NY2d 779; *Wright v New York City Hous. Auth.*, 208 AD2d 327, 331). We note that defendants' claim of prejudice with respect to this proposed amendment is unsubstantiated, since any information necessary for the defense of the newly-asserted claims would be entirely in defendants' possession.

While claims based on express and implied warranties that are voluntarily assumed in addition to FIFRA requirements are not preempted (*Cipollone v Liggett Group*, 505 US 504; *Welchert v American Cyanamid*, 59 F3d 69, 72-73; *Taylor AG Indus. v Pure-Gro*, 54 F3d, *supra*, at 563; *Higgins v Monsanto Co.*, 862 F Supp 751, 761), the IAS Court erred in allowing the claim for breach of express warranty to go forward in this case. Even if we were to find that defendants had warranted that the product was "mild," there was no evidence of any reliance on that representation. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.