██ Dawn M. Beyrle, Appellant, v Terri Finneron et al., Defendants, and Michael Snow et al., Respondents. [645 NYS2d 192] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff contends that she was injured when she came in contact with drain cleaner manufactured by defendant Rooto Corporation (Rooto) that was splashed about the bathroom of a bar owned by defendant Michael Snow. Previously, we concluded that Rooto was not entitled to summary judgment because the adequacy of the warning on the drain cleaner container presented a question of fact (*Beyrle v Finneron*, 199 AD2d 1022). Subsequent to that determination, Rooto again moved for summary judgment on the ground that the complaint against it is preempted by the Federal Hazardous Substances Act. Snow cross-moved for summary judgment on the ground that plaintiff had failed to demonstrate that he was negligent; he further averred that he had no actual or constructive notice of a dangerous condition. Supreme Court granted the motion and cross motion.

We agree that Rooto is entitled to summary judgment, but for a different reason from that stated by the court. Federal statutes creating labeling requirements, such as those contained in the Federal Hazardous Substances Act (15 USC § 1261 *et seq.*), preempt common-law failure to warn and inadequate labeling claims (*see, Wallace v Parks Corp.*, 212 AD2d 132, 136; *see also, Moss v Parks Corp.*, 985 F2d 736, *cert denied* 509 US 906; *Lee v Boyle-Midway Household Prods.*, 792 F Supp 1001; *June v Laris*, 205 AD2d 166, *lv dismissed in part and denied in part* 85 NY2d 955; *Warner v American Fluoride Corp.*,

204 AD2d 1). Plaintiff's causes of action against Rooto, which allege that the drain cleaner label did not contain adequate warning of the dangerous propensities of the substance, thus are preempted.

The court erred, however, in granting Snow's cross motion for summary judgment. To establish his entitlement to summary judgment, Snow is required to demonstrate that plaintiff has no cause of action as a matter of law (*see, Bush v St. Clare's Hosp.*, 82 NY2d 738, 739; *Ayotte v Gervasio*, 81 NY2d 1062, 1063). In support of his contention that the drain cleaner was not in the bathroom, Snow presented his testimony and that of the bartender that the drain cleaner was usually kept behind the bar and not in a vanity in the bathroom. The fact that Snow and the bartender believed that the drain cleaner was usually kept behind the bar and not in the vanity does not establish, as a matter of law, that Snow was free from negligence. Thus, Snow failed to meet his burden on the motion and the burden never shifted to plaintiff to raise a triable issue of fact (*see, Ayotte v Gervasio, supra; Cole v O'Tooles of Utica*, 222 AD2d 88). Furthermore, in the previous appeal, we held that Rooto failed to submit evidentiary proof in admissible form that the patron of the bar intentionally and willfully splashed the drain cleaner on the bathroom walls and floor and thus that there was no proof of a superseding criminal act (*Beyrle v Finneron, supra,* at 1022-1023). Snow has not submitted anything further on that point and thus his contention that the actions of a bar patron were a superseding act that severed the chain of causation is without merit. (Appeal from Order and Judgment of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Callahan and Balio, JJ.