■ ALBERTO LOPEZ, JR., et al., Respondents, v ARMANDO HERNANDEZ et al., Defendants, and CYPRESS INDUSTRIAL SUPPLY CORP. et al., Appellants. [676 NYS2d 613] —In an action to recover damages for personal injuries, etc., the defendants Cypress Industrial Supply Corp. and Utility Manufacturing Co., Inc., appeal from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated September 9, 1996, as granted the plaintiffs' motion to renew their opposition to the appellants' prior motion for summary judgment dismissing the complaint insofar as asserted against them and denied those branches of the appellants' motion which were to dismiss the plaintiffs' causes of action to recover damages for (1) design defect, negligence, products liability, and breach of implied warranty independent of their causes of action under the Federal Hazardous Substance Act (15 USC § 1261 *et seq.*), and (2) negligence arising from violations of the Federal Hazardous Substance Act.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff allegedly sustained physical injuries when he ingested bath water allegedly contaminated by a sulfuric acid-based drain cleaner. The drain cleaner, allegedly manufactured, distributed and promoted by the defendants Utility Manufacturing Company, Inc., Cypress Industrial Supply Corporation, and the Association of Chemical Producers, Inc., was allegedly used by the plaintiffs' landlord, the defendant Armando Hernandez, to clear a clog in the drain of the bathtub in the plaintiffs' apartment.

The plaintiffs commenced this action asserting causes of action to recover damages for negligence, strict products liability,

and breach of warranty. To the extent that the plaintiffs' claims are predicated upon a theory of failure to warn, they are preempted by the Federal Hazardous Substance Act (15 USC § 1261 *et seq.*) (hereinafter FHSA) (*see, Sabbatino v Rosin & Sons Hardware & Paint,* 253 AD2d 417 [decided herewith]). However, the plaintiffs' causes of action which are not based on improper labeling are not preempted. Generally, causes of action based on negligence, breach of express warranty and implied warranty, and strict products liability which are not premised on a failure to warn or inadequate labeling survive preemption (*see, Cipollone v Liggett Group,* 505 US 504; *Worm v American Cyanamid Co.,* 5 F3d 744; *Wallace v Parks Corp.,* 212 AD2d 132; *Babalola v Crystal Chems.,* 225 AD2d 370; *Warner v American Fluoride Corp.,* 204 AD2d 1). Insofar as the plaintiffs have adduced evidence creating issues of fact as to these causes of action the Supreme Court properly denied summary judgment to the appellants.

The appellants' remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.