■ ANTHONY SABBATINO et al., Appellants, v ROSIN & SONS HARDWARE & PAINT, INC., et al., Respondents. [676 NYS2d 633] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated November 29, 1996, which granted the defendants' respective motions for summary judgment dismissing the complaint and denied their cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Anthony Sabbatino allegedly sustained chemical burns as a result of using "Hot Shot", a sulfuric acid-based drain cleaner manufactured by the defendant Utility Manufacturing Company, Inc. (hereinafter Utility) and distributed by the defendant Atlantic & Pacific Supply Company, Inc. (hereinafter A&P). The injured plaintiff allegedly purchased the Hot Shot drain cleaner from the defendant Rosin & Sons Hardware & Paint, Inc. (hereinafter Rosin), upon the recommendation of a member of its sales staff. The injured plaintiff alleges that after reading all relevant product usage instructions, he poured the Hot Shot into his clogged kitchen sink drain and that "almost immediately thereafter" the drain cleaner exploded out of the drain and splashed over various portions of his body. Significantly, the product directions advise that after pouring the cleaner into the drain an inverted dishpan or bucket should be placed over the drain opening to protect against possible eruptions of drain contents and acid. Despite his claim that he followed all label directions, the injured plaintiff did not employ such a protective barrier.

As a first cause of action, the plaintiffs alleged that Rosin was negligent insofar as it sold an inherently dangerous and defective product, labeled for professional use only, to a nonprofessional. The plaintiffs' second through fifth causes of action alleged claims sounding in negligence, breach of express warranty, breach of implied warranty, and strict products liability as against Utility, while the sixth through ninth causes of action raised similar claims as against A&P. A tenth cause of action asserted a derivative claim for loss of consortium by the plaintiff Carmela Sabbatino. The causes of action asserted against Utility and A&P also rely, in part, upon a failure to warn theory.

A&P and Utility jointly moved for summary judgment dismissing the complaint in its entirety. They argued, *inter alia*, that as a sulfuric-acid-based drain cleaner, Hot Shot was a hazardous substance within the meaning of the Federal Hazardous Substance Act (15 USC § 1261 *et seq.*) (hereinafter FHSA), and that its labeling is strictly regulated thereby, and by the pertinent regulations of the Consumer Product Safety Commission (*see,* 16 CFR 1500 *et seq.*). As such, those defendants contended, the schemework of Federal regulation preempted the plaintiffs' causes of action against Utility and A&P. The defendant Rosin also sought summary judgment on the basis of preemption.

In opposition, the plaintiffs argued that their claims were not preempted by Federal law, and further contended that the

label affixed to the Hot Shot product did not comply with Federal labeling requirements. In support of this contention, they relied upon the opinion of an expert chemist and engineer who pointed out, *inter alia*, various alleged shortcomings in the labeling of the product.

The Supreme Court granted the defendants' motions and dismissed the complaint in its entirety as against all of the defendants. The court found that all of the plaintiffs' claims were preempted by Federal law insofar as they were "premised upon the adequacy of the warning labels and whether the warning labels comply with the requirements of the FHSA". The court also dismissed the plaintiffs' common-law negligence and product liability causes of action as well as the negligence cause of action against Rosin, because the plaintiffs failed to "substantiate" their claims of a breach of a duty by Rosin, or of design or manufacturing defects as against Utility and A&P.

The Supreme Court correctly determined that the plaintiffs' causes of action predicated upon a theory of failure to warn are preempted by the FHSA. That Federal statute, and its correlative regulations, create labeling requirements which preempt any claim that the warning label on the bottle of Hot Shot purchased by the injured plaintiff was inadequate (*see, Wallace v Parks Corp.*, 212 AD2d 132; *see also, Sirico v Beckerle Lbr. Supply Co.*, 227 AD2d 396; *Babalola v Crystal Chems.*, 225 AD2d 370; *Warner v American Fluoride Corp.*, 204 AD2d 1).

The plaintiffs' causes of action, however, are not solely predicated upon a failure to warn theory. Indeed, the plaintiffs also asserted independent causes of action predicated upon theories of negligence, breach of express and implied warranty, and strict products liability. These causes of action are not preempted by the FHSA (*Wallace v Parks Corp., supra,* at 137-138). In addition, the plaintiffs' causes of action predicated upon allegations that the Hot Shot package was defectively designed are also not subject to preemption (*Wallace v Parks Corp., supra*), nor are they precluded from alleging that the label itself failed to comply with pertinent Federally-mandated requirements. "Such a claim is valid, 'so long as a plaintiff charges a manufacturer with violations of FHSA-mandated labeling requirements and does not seek more stringent labeling requirements'" (*Wallace v Parks Corp., supra,* at 140-141, quoting *Moss v Parks Corp.*, 985 F2d 736, 740-741, *cert denied* 509 US 906; *see also, Worm v American Cyanamid Co.*, 970 F2d 1301, 1308, *affd after remand* 5 F3d 744). Accordingly, we reject the defendants' arguments that the plaintiffs have no private right of action to recover for alleged violations of FHSA.

However, while the plaintiffs may not be precluded from advancing their nonlabeling claims due to express preemption, we nevertheless conclude that the plaintiffs' remaining causes of action were properly dismissed. The plaintiffs have failed to demonstrate that the drain cleaner was defective, or that anything in its design or packaging contributed to the occurrence of the accident. Rather, notwithstanding his contention that he read and followed all label directions, the superseding cause of this accident was Anthony Sabbatino's failure to heed the product warning to cover the drain with an inverted dishpan or bucket after pouring the cleaner down the drain (*see, Boltax v Joy Day Camp,* 67 NY2d 617; *Ramirez v Velarde,* 248 AD2d 697; *Libby v Waldbaum's, Inc.,* 240 AD2d 547; *Falsetta v Ronzoni Food Group,* 234 AD2d 259; *Wright v New York City Tr. Auth.,* 221 AD2d 431). Accordingly, under these circumstances the complaint must be dismissed as against the manufacturer and distributor of Hot Shot.

The defendant Rosin is also entitled to summary judgment. The plaintiffs seek to hold Rosin liable on a theory that it was negligent in selling a product marked "for professional use only" to a nonprofessional. However, Anthony Sabbatino claims to have read all of the pertinent warnings on the label and he was in the best position to know that he was not a professional plumber; he cannot fault Rosin for failing to protect him from himself. Moreover, having received this warning on the package the plaintiff may not fault Rosin for failing to repeat this very warning or ascertaining his status as other than a professional plumber. As against Rosin, we find that no duty was breached nor did the mere sale of the properly labeled product constitute a proximate cause of the plaintiffs' injuries (*see, Eiseman v State of New York,* 70 NY2d 175, 189; *Pulka v Edelman,* 40 NY2d 781, 782; *Jantzen v Leslie Edelman of N. Y.,* 221 AD2d 594). Moreover, had he followed the label instructions there would have been no injuries. Under the circumstances, Rosin has demonstrated its freedom from fault.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.