■ CATHERINE HANLY, Appellant-Respondent, v QUAKER CHEMICAL COMPANY, INC., et al., Respondents, and ZINA GAMUZZA, Appellant. [818 NYS2d 96]—

In an action to recover damages for wrongful death and personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated January 4, 2005, as granted that branch of the motion of the defendant Quaker Chemical Company, Inc., which was for summary judgment dismissing the causes of action based on improper labeling insofar as asserted against it, and the defendant Zina Gamuzza cross-appeals from so much of the same order as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the motion of the defendant Zina Gamuzza is granted, and the complaint and all cross claims are dismissed insofar as asserted against that defendant; and it is further,

Ordered that one bill of costs is awarded to the defendants Quaker Chemical Company, Inc., and Zina Gamuzza payable by the plaintiff.

The plaintiff's decedent, a sanitation worker, was killed when a container of hydrofluoric acid distributed by the defendant Quaker Chemical Company, Inc. (hereinafter Quaker), burst open in a garbage truck and sprayed him with acid. The decedent's wife brought suit, alleging that Quaker failed to label the acid container with adequate instructions for disposal. The plaintiff also alleged that the defendant Zina Gamuzza, the owner of the apartment building where garbage was being picked up when the accident occurred, was negligent in permitting the container with the acid to be improperly thrown away.

The Supreme Court properly granted summary judgment dismissing the causes of action against Quaker based on improper labeling. The Federal Hazardous Substances Act (15 USC § 1261 *et seq.*) (hereinafter FHSA), and its correlative regulations (*see* 16 CFR 1500.1 *et seq.*), create labeling requirements which preempt any claim that the warning label on the container of acid was inadequate (*see Sabbatino v Rosin & Sons Hardware & Paint*, 253 AD2d 417, 419 [1998]). Although a state court action alleging failure to comply with FHSA-mandated labeling requirements is not preempted (*see Sabbatino v Rosin & Sons Hardware & Paint, supra; Wallace v Parks Corp.*, 212 AD2d 132, 137-138 [1995]), the claim asserted by the plaintiff here is that Quaker should have included an additional warning label not mandated by the FHSA. Accordingly, the plaintiff's claims against Quaker based on improper labeling were preempted and could not be sustained (*see Schrader v Sunnyside Corp.*, 297 AD2d 369, 371 [2002]).

The Supreme Court should have granted Gamuzza's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. In response to Gamuzza's prima facie showing of entitlement to judgment as a matter of law, the plaintiff relied upon inadmissible hearsay contained in police reports, and speculative and conclusory assertions, which were insufficient to raise a triable issue of fact as to whether the acid originated from the apartment building owned by Gamuzza (*see Belvedere v AFC Constr. Corp.*, 21 AD3d 390 [2005]; *Wolf v We Transp.*, 274 AD2d 514 [2000]; *Urbano v Plaza Materials Corp.*, 262 AD2d 307, 308 [1999]; *cf. German v Morales*, 24 AD3d 246 [2005]).

The parties' remaining contentions either are without merit or have been rendered academic in light of the foregoing. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.