Curize Orlanda Maria RICHARDS, Plaintiff–Appellant,

v.

HOME DEPOT, INC., Defendant–Cross–Claimant–Appellee,

Parks Corp., Defendant–Cross–Defendant.

No. 05–5205–CV.

United States Court of Appeals, Second Circuit.

Argued: April 17, 2006.

Decided: July 14, 2006.

Lawrence A. Doris, Palmeri & Gaven, New York, NY, for Plaintiff–Appellant.

Daniel P. Gregory, Simmons, Jannace & Stagg, L.L.P., Syosset, NY, for Defendant–Cross–Claimant–Appellee Home Depot, Inc.

Before: McLAUGHLIN, JACOBS, and B.D. PARKER, Circuit Judges.

DENNIS JACOBS, Circuit Judge.

This appeal turns on the labeling standards of the Federal Hazardous Substances Act ("FHSA") and its enabling regulations. It is alleged that a wood-finishing product sold by defendant Home Depot emitted vapors that injured the plaintiff. If the product complies with the labeling requirements of the FHSA, plaintiff's failure-to-warn claims are preempted; otherwise, the claims can go forward.

Plaintiff appeals from the grant of Home Depot's motion for summary judgment that (by order of the district court) presented no issue but preemption. We conclude that the district court erroneously construed the FHSA and its enabling regulations, and therefore vacate and remand.

**I**

In 2000, Curize Orlanda Maria Richards was 17 years old and residing with her parents in Queens, New York, when her father hired a contractor to strip and refinish the wood floor in Curize's room. The contractor told Mr. Richards to purchase a product called Pro Finisher.[1] Mr. Rich-

---

**1.** The manufacturer of Pro Finisher, defendant Parks Corp., is not a party on this appeal due to pending bankruptcy proceedings.

ards purchased a five-gallon can of Pro Finisher at a Home Depot store in Elmont, Queens.[2] The contractor applied the Pro Finisher to Curize's floor without properly ventilating the room; plaintiff occupied it thereafter, with the door and windows shut, in a way allegedly characteristic of a teenager.

Curize soon took ill, and suffered dizziness, weakness, and rashes. She was diagnosed with myeloid leukemia, diabetes mellitus, and herpes zoster. She attributes these ailments to the inhalation of Pro Finisher vapors which contain (1) Benzene, a chemical known to cause cancer and (2) trace amounts of Stoddard solvents, which have been associated with permanent brain and nervous system damage. But whether these agents can (or did) actually cause one or more of plaintiff's afflictions was not at issue in the district court.

Pro Finisher is sold in cylindrical drums. The product features two labeling panels, one on each side of the drum. The front panel displays the product name and use, warns that it is flammable (in both liquid and vapor form), warns against swallowing, and advises the consumer to "See other cautions on the back panel." The back panel recites detailed cautions, including a warning against vapor inhalation.

Plaintiff claims this labeling is insufficient because the front label did not specify vapor inhalation among the product's principal hazards. The district court disagreed, reasoning that a warning-by-reference satisfies the requirements of the FHSA.

## II

The issue on appeal is whether Pro Finisher is properly labeled according to the FHSA and its enabling regulations. We review the district court's grant of summary judgment *de novo*. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 40 (2d Cir. 2000). The evidence affecting preemption is construed in the light most favorable to the plaintiff, *Green Mt. R.R. Corp. v. Vermont*, 404 F.3d 638, 639–40 (2d Cir.2005) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)), and the remainder of plaintiff's allegations are assumed to be true.

## A

The FHSA and its enabling regulations "provide nationally uniform requirements for adequate cautionary labeling of packages of hazardous substances which are sold in interstate commerce and are intended or suitable for household use." *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 109 (2d Cir.2001) (*quoting* House Comm. on Interstate and Foreign Commerce, Federal Hazardous Substances Labeling Act, H.R.Rep. No. 1861, 86th Cong., 2d Sess. 2 (1960), reprinted in 1960 U.S.C.C.A.N. 2833, 2833).

"The FHSA preempts any state cause of action that seeks to impose a labeling requirement different from the requirements found in the FHSA and the regulations promulgated thereunder." *Id.* Conversely, a state cause of action may proceed if the plaintiff can show that the labeling is noncompliant. *See id.; see also* 15 U.S.C. § 1262(b) ("[A]ny . . . hazardous substance . . . which fails to bear a label in accordance with [enabling] regulations shall be deemed to be a misbranded hazardous substance.").

The FHSA requires, *inter alia*, that a hazardous product bear one or more labels displaying "an affirmative statement of the principal hazard or hazards, such as 'Flam-

---

2. The Home Depot chain of stores offers home improvement products.

mable', 'Combustible', 'Vapor Harmful', 'Causes Burns', 'Absorbed Through Skin', or similar wording descriptive of the hazard." 15 U.S.C. § 1261(p)(1)(E) (2005). So, if harmful vapors are one of a product's principal hazards, a warning to that effect must appear on the product.[3]

The statute and regulations control placement of the warning as well as its content. Thus, the regulations require that "[t]he signal word, [and] the statement of principal hazard(s) . . . be blocked together . . . *on the principal display panel* on the immediate container . . . ." 16 C.F.R. § 1500.121(b)(ii) (emphasis added). In turn, the "principal display panel" is defined as "the portion(s) of the surface of the immediate container . . . which bear(s) the labeling designed to be *most prominently displayed . . . under conditions of retail sale.*" 16 C.F.R. § 1500.121(a)(2)(iv) (emphasis added). A product may bear more than one "principal display panel," but if it does, *each* panel must list (*inter alia*) all the product's principal hazards. 16 C.F.R. § 1500.121(b)(2)(iii).

### B

The district court concluded that Pro Finisher's labeling complied with the FHSA because the front and back labels collectively warned against hazardous vapors:

> [T]he Court finds that [ ] Pro Finisher's label complies with the FHSA because its front panel directs users to consult the additional precautions located on the back of the container, and also because

the statements on the back panel were sufficiently conspicuous and explicit under the FHSA to warn against [ ] vapor inhalation.

*Richards v. Home Depot, Inc.*, No. 04 cv 2025, 2005 WL 2175888, at *5, 2005 U.S. Dist. LEXIS 31616, at *16 (E.D.N.Y. Sept. 8, 2005). This conclusion is contrary to the letter of the FHSA and its enabling regulations.

■ True, the regulations allow warning by reference: "If all of the required cautionary labeling does not appear on the principal display panel, the statement to 'Read carefully other cautions on the panel,' or its practical equivalent, must appear . . . ." 16 C.F.R. § 1500.121(c)(2)(iii). This regulation mandates that the buyer be directed to any required warning that appears outside the principal display panel; but it does not override the express regulatory requirement that one subset of such warnings—the statement of principal hazards—appear on the principal display panel. The regulations read as a whole make clear that a core set of warnings must appear on the principal display panel, no matter where else those warnings may appear.

The regulations distinguish between required warnings that must appear on the principal display panel and those that may be included elsewhere on a product's label, such as first-aid instructions, precautionary measures, and the manufacturer's contact information. *See* 15 U.S.C. § 1261(p); 16 CFR § 1500.3(b)(14)(i). The principal

---

**3.** Home Depot contends that the inhalation of Pro Finisher's vapors is not so harmful as to present a principal hazard of the product. However, as discussed above, summary judgment was narrowed to the issue of preemption; so we assume—for the sake of this appeal—that plaintiff's allegations are true, and that the product's vapors do in fact present a principal hazard.

Likewise, though Home Depot argues that plaintiff has not demonstrated causation, the causation issue is not properly before us as part of this appeal. We must assume for purposes of this appeal that Pro Finisher caused the harm alleged.

display panel *may* direct the consumer elsewhere to find some cautions, but it cannot thereby consign elsewhere the warnings against principal hazards. Some warnings *may* be displayed on the principal display panel, and therefore, by implication, may be displayed elsewhere: "All items of cautionary labeling required by the Act *may* appear on the principal display panel." 16 C.F.R. § 1500.121(b)(2)(i) (emphasis added). By contrast, a more limited set of disclosures—such as the statement of principal hazards—*must* appear on the principal display panel: "The signal word [and] the statement of principal hazard(s) . . . *shall* be blocked together . . . on the principal display panel . . . ." 16 C.F.R. § 1500.121(b)(2)(ii) (emphasis added).

Thus the regulations (1) require that particular content appear in the principal display panel, (2) catalog other warnings that may or may not appear on a principal display panel, and (3) allow for warning by reference for warnings that are not contained on the principal display panel and are not required to be there. The way to effectuate all three provisions is to limit the ability to give warning by reference to the set of materials which *need not* appear on the principal display panel.

This reading is reinforced by the warning-by-reference regulations themselves, which contemplate that a reference will appear alongside the statement of principal hazards: "[T]he statement of principal hazard(s), *and,* if appropriate, instructions to read carefully any cautionary material that may be placed elsewhere on the label *shall be blocked together . . . on the principal display panel." Id.* § 1500.121(b)(2)(ii) (emphasis added). The conjunctive "and" and the linkage "together" indicate that a reference to other warnings located elsewhere must appear in the same box as the statement of principal hazards. So a

statement of each principal hazard must appear on the principal display panel even if accompanied by guidance to look elsewhere.

Pro Finisher's front panel bears the following warning which does not warn against the inhalation of hazardous vapors: **DANGER!** FLAMMABLE LIQUID AND VAPOR. HARMFUL OR FATAL IF SWALLOWED See other cautions on back panel. Appx. at 84–85. Because we must assume for purposes of this appeal that vapor inhalation presents a principal hazard of Pro Finisher, the product is misbranded, and plaintiff's claims were erroneously dismissed as preempted.

■ The district court described "the statements on the back panel" as "sufficiently conspicuous and explicit under the FHSA to warn against . . . vapor inhalation." *Richards,* 2005 WL 2175888, at *5, 2005 U.S. Dist. LEXIS 31616, at *16. We therefore consider whether Home Depot can prevail on the theory that the back panel was an additional principal display panel; as appellant concedes, the back panel sufficiently warned against the allegedly injurious principal hazards. *See* Appellant's Oral Argument Tr. ("[F]or the purposes of this appeal[,] the 'back' label has whatever additional language you might consider necessary to the warnings.").

Under the regulations, a "a package may have more than one principal display panel," but if it does, "*each* principal display panel must bear, at a minimum, the signal word, *statement of principal hazard or hazards,* and, if appropriate, instructions to read carefully any cautionary material that may be placed elsewhere on the label." 16 C.F.R. § 1500.121(b)(2)(iii) (emphasis added). Under this rule, *one* noncompliant principal display panel renders a product misbranded, even if *other* principal

display panels bear the proper warning labeling. Therefore, even if the back label was *another* principal display panel, the Pro Finisher was still misbranded because of deficiencies on the front principal display panel. Accordingly, the "conspicuous and explicit" nature of the back-panel warning is not germane.

The back panel would become relevant only if it could be plausibly characterized as the only principal display panel (to the exclusion of the front panel). Status as a principal display panel depends on whether a label is (or is not) the "portion[ ] of the surface of the immediate container ... designed to be most prominently displayed ... under conditions of retail sale." 16 C.F.R. § 1500.121(a)(2)(iv). We take no position as to which of the labels in question satisfy this definition. Home Depot has not disputed plaintiff's characterization of the front panel as a principal display panel; Home Depot has exclusively argued that Pro Finisher satisfies the FHSA's warning requirements through the front principal display panel's warning-by-reference, and the corresponding warning against vapor inhalation displayed on the rear panel. *See* Appellee's Br. at 17–20. Likewise, before the district court, Home Depot did not argue against the front panel's status as a principal display panel: Defendant did not contradict Plaintiff's Rule 56.1 statement identifying the front panel as the principal display panel. Having not disputed plaintiff's characterization of the non-compliant front panel as (at least) *a* principal display panel, Home Depot cannot prevail on the basis of how

explicit or conspicuous the wording may be on the more thorough back panel.

Pro Finisher is misbranded on account of deficiencies in the front panel. Accordingly, Plaintiff's suit was wrongly dismissed as preempted.[4]

## CONCLUSION

For the foregoing reasons, the judgment of the district court is vacated. The case is remanded for proceedings consistent with this opinion.

---

4. Although we vacate judgment, Home Depot remains free—on remand—to seek dismissal on any ground other than preemption. Accordingly, Home Depot can renew its argument against characterizing the inhalation of Pro Finisher fumes as a principal hazard of the product. Likewise, Home Depot remains free to dispute causation.

Plaintiff had argued, in the alternative, that her breach-of-warranty and strict liability claims do not challenge the sufficiency of the product's labeling. Because we hold that the complaint properly alleges a violation of the FHSA, we do not address this argument.