Appeal and cross appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered June 1, 2016. The order, among other things, granted the cross motion of defendant Sunnyside Corporation to dismiss plaintiff’s complaint against it.
 

 It is hereby ordered that said cross appeal is unanimously dismissed and the order is affirmed without costs.
 

 Memorandum: Plaintiff appeals and Sunnyside Corporation (defendant) cross-appeals from an order that, among other things, granted that part of plaintiff’s motion seeking to dismiss two of defendant’s affirmative defenses and granted defendant’s cross motion to dismiss the complaint against it for failure to state a cause of action. Plaintiff commenced this action seeking damages for injuries that he sustained as a result of inhaling fumes from muriatic acid while using that product in an undiluted form to clean an indoor swimming pool. Plaintiff alleged that defendant manufactured the subject muriatic acid and was liable for plaintiff’s injuries because it failed to warn him of the risks associated with the product.
 

 Supreme Court properly granted defendant’s cross motion. The Federal Hazardous Substances Act (FHSA) “and its enabling regulations ‘provide nationally uniform requirements for adequate cautionary labeling of packages of hazardous substances which are sold in interstate commerce and are intended or suitable for household use’ ” (Richards v Home Depot, Inc., 456 F3d 76, 78 [2d Cir 2006], quoting Milanese v Rust-Oleum Corp., 244 F3d 104, 109 [2d Cir 2001]; see 15 USC § 1261 et seq.). Although “[flederal statutes creating labeling requirements, such as those contained in the [FHSA], preempt common-law failure to warn and inadequate warning claims” (Beyrle v Finneron, 229 AD2d 1010, 1010 [4th Dept 1996]), a plaintiff may assert a cause of action based on allegations that the label “failed to comply with pertinent [fl ederally-mandated requirements” (Sabbatino v Rosin & Sons Hardware & Paint, 253 AD2d 417, 419 [2d Dept 1998], lv denied 93 NY2d 817 [1999]). “Such a claim is valid, ‘so long as a plaintiff charges a manufacturer with violations of FHSA-mandated labeling requirements and does not seek more stringent requirements’ ” (Wallace v Parks Corp., 212 AD2d 132, 140 [4th Dept 1995], quoting Moss v Parks Corp., 985 F2d 736, 740-741 [4th Cir 1993], cert denied 509 US 906 [1993]; see Hanly v Quaker Chem. Co., Inc., 29 AD3d 860, 861 [2d Dept 2006], lv denied 7 NY3d 713 [2006]; Sabbatino, 253 AD2d at 419).
 

 It is prohibited under the FHSA to introduce or deliver “into interstate commerce . . . any misbranded hazardous substance” (15 USC § 1263 [a]). A hazardous substance as defined in 15 USC § 1261 (f) is “misbranded” if its label does not contain the information set forth in 15 USC § 1261 (p) (1) and any additional information required by regulations promulgated by the Consumer Product Safety Commission pursuant to 15 USC § 1262 (b).
 

 Here, plaintiff contends that the muriatic acid manufactured by defendant was misbranded because the label on the product did not contain the requisite “affirmative statement of the principal hazard or hazards” of the product (15 USC § 1261 [p] [1] [E]), and the “precautionary measures describing the action to be followed or avoided” (§ 1261 [p] [1] [F]). We reject that contention. With respect to the affirmative statement of the principal hazard or hazards, the label included the following language: “CAUSES SEVERE BURNS. VAPOR HARMFUL. MAY BE FATAL IF SWALLOWED. MAY CAUSE BLINDNESS IF SPLASHED IN EYES.” We conclude that the statement “VAPOR HARMFUL,” which is used in section 1261 (p) (1) (E) as an example of an affirmative statement of the principal hazard, is sufficient to comply with the statute and to warn users that inhalation of the muriatic acid fumes is harmful (see Busch v Graphic Color Corp., 169 Ill 2d 325, 343-347, 662 NE2d 397, 407-408 [1996], cert denied 519 US 810 [1996]).
 

 With respect to the precautionary measures describing the action to be followed or avoided, when 15 USC § 1261 (p) (1) (F) and the additional regulations are read together, “it is clear that the ‘precautionary measures’ a manufacturer must include on the label of a hazardous substance are those directed at minimizing or avoiding the principal hazard or hazards of the product” (Mwesigwa v DAP, Inc., 637 F3d 884, 889 [8th Cir 2011]). Here, the label stated, “[n]ever use acid in a confined area; use only when ventilation is equivalent to outdoor conditions. It may be necessary to use mechanical ventilation if normal air movement is not sufficient to disperse fumes completely.” Contrary to plaintiff’s contention, the statute does not require a manufacturer of a hazardous substance to list on the product label each and every conceivable precautionary measure. Indeed, “analysis of compliance with the requirements of the federal statute is based upon the statutory language and the promulgations of the [Consumer Product Safety Commission]” (Pennsylvania Gen. Ins. Co. v Landis, 96 F Supp 2d 408, 417 [D NJ 2000], affd 248 F3d 1131 [3d Cir 2000]), and “[d]isagreement over the adequacy or sufficiency of the information provided on a label does not necessarily raise material issues of fact as to compliance. What matters is whether the label satisfies the requirements of the FHSA, not whether a label defines every phrase and addresses every potential hazard” (Canty v Ever-Last Supply Co., 296 NJ Super 68, 90, 685 A2d 1365, 1377 [1996]; see Torres-Rios v LPS Labs., Inc., 152 F3d 11, 14-15 [1st Cir 1998]). We conclude that the precautionary measures listed on the muriatic acid label are adequately “directed at minimizing or avoiding the principal hazard or hazards of the product” (Mwesigwa, 637 F3d at 889), i.e., inhaling the fumes, and the label therefore complied with section 1261 (p) (1) (F). Thus, because defendant established as a matter of law that the label on the bottle of muriatic acid complied with the FHSA, the court properly granted defendant’s cross motion to dismiss the complaint against it {see generally Gerrish v State Univ. of N.Y. at Buffalo, 129 AD3d 1611, 1612 [4th Dept 2015]).
 

 In light of our determination, defendant’s cross appeal from that part of the order dismissing two of its affirmative defenses is dismissed as moot (see generally McCabe v CSX Transp., Inc., 27 AD3d 1150, 1151 [4th Dept 2006]).
 

 Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.