■ ROGERS HICKS et al., Appellants-Respondents, v CITY OF BUFFALO et al., Respondents-Appellants. [722 NYS2d 454] —Cross appeal unanimously dismissed and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages resulting from the allegedly illegal stop, detention, arrest and prosecution of plaintiff Rogers Hicks and the search and impounding of the automobile used by Rogers and owned by plaintiff Mamie Hicks. Supreme Court properly denied plaintiffs' motion for summary judgment. Plaintiffs failed to meet their initial burden of establishing their entitlement to judgment as a matter of law. The court erred, however, in granting defendants' cross motion insofar as it sought summary judgment dismissing that part of the fourth joint cause of action brought pursuant to 42 USC § 1986. With respect to that part of the fourth joint cause of action, "defendants failed to establish their entitlement to judgment in their favor as a matter of law, and were not entitled to summary judgment based solely on claimed deficiencies in the plaintiff[s'] proof" (*Sterling v Town of Hempstead*, 260 AD2d 628; *see, Carrington v Commissioner of Westchester County Correctional Facility*, 278 AD2d 352). The court also erred in granting the cross motion insofar as it sought summary judgment dismissing in its entirety the second joint cause of action, alleging acts by defendants that are unconstitutional under 42 USC § 1983. Defendant City of Buffalo failed to meet its burden of establishing as a matter of law that it is not liable for the alleged constitutional violations of its police officers (*see generally, Vann v City of New York*, 72 F3d 1040, 1049-1050; *Sarus v Rotundo*, 831 F2d 397, 400-401). Defendants also failed to meet their burden of establishing their entitlement to judgment with respect to the allegations that they deprived Mamie of her property without due process of law (*see generally, Sierra Lake Reserve v City of Rocklin*, 938 F2d 951, 957-958, *judgment vacated and case remanded* 506 US 802). Assuming, arguendo, that the individual defendants met their initial burden of establishing their entitlement to judgment with respect to the alleged violations of Rogers' Fourth Amendment rights, we conclude that plaintiffs raised triable issues of fact with respect to those alleged violations.

The court properly concluded that the Due Process Clause will not support a claim under 42 USC § 1983 alleging malicious prosecution (*see, Albright v Oliver*, 510 US 266, 271, *reh denied* 510 US 1215). Thus, to the extent that the second joint cause of action alleges such a claim, it was properly dismissed.

We therefore modify the order by denying the cross motion

insofar as it seeks summary judgment dismissing that part of the fourth joint cause of action brought pursuant to 42 USC § 1986 and the second joint cause of action in its entirety. (Appeals from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Scudder and Burns, JJ.