■ MICHAIL THEOHARIS et al., Appellants, v PENGATE HANDLING SYSTEMS OF NEW YORK, INC., Respondent, et al., Defendant. (And a Third-Party Action.) [752 NYS2d 419] —Crew III, J.P. Appeal from that part of an order of the Supreme Court (Cannizzaro, J.), entered August 6, 2001 in Albany County, which granted a motion by defendant Pengate Handling Systems of New York, Inc. for summary judgment dismissing the first cause of action of the complaint.

The instant action arose out of an incident that occurred while plaintiff Michail Theoharis was working in a warehouse and fell approximately 15 feet from the elevated forklift that he was operating. Theoharis's employer leased the forklift from defendant Pengate Handling Systems of New York, Inc. (hereinafter defendant) with which it had entered into a maintenance agreement requiring defendant to provide service and repairs to the forklift. The forklift was equipped with a retractable safety tether and harness to prevent the operator from

falling when working at elevated heights. Theoharis was trained in the use of equipment similar to the forklift in question, had used retractable tethers in his previous employment and had used the tether on the forklift in question prior to his fall. Additionally, the tether became inoperable before the day of the accident, and Theoharis discussed with his supervisor the need to have it repaired.

On the day of the accident, defendant's service technician, Theodore Dennis, was present for scheduled maintenance of the forklift, at which time he was informed that the tether was broken. Upon learning that defendant's warehouse did not have a replacement in stock, Dennis received permission from Theoharis's supervisor to order one. Having determined that the forklift could be used safely as long as it was not elevated above certain heights, Theoharis's employer did not take the forklift out of service. That evening, Theoharis used the lift at its fullest extended height, lost his balance while attempting to move a carton and fell from the lift sustaining severe personal injuries.

Theoharis and his wife, derivatively, commenced this action against, among others, defendant alleging causes of action grounded in negligence, breach of warranty and strict products liability. Insofar as is relevant to this appeal, defendant moved for summary judgment dismissing plaintiffs' complaint, which motion was granted. Plaintiffs now appeal from that part of Supreme Court's order dismissing their negligence claim as set forth in the first cause of action of the complaint. Plaintiffs contend that defendant was negligent in failing to repair the tether, to warn Theoharis not to use the lift and to take steps to insure that the lift was taken out of service.

It is clear that a party who contracts to inspect, provide routine maintenance and repair a product has a duty to warn the user of any defect therein (*see Pollock v Toyota Motor Sales U.S.A.*, 222 AD2d 766, 768), and where, as here, such contracting party possesses exclusive authority in that regard, the duty assumed "extends to noncontracting individuals reasonably within the zone and contemplation of the intended safety services" (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 589). However, there is no duty to warn a person who, through common knowledge or learning, is fully aware of a specific hazard (*see Schiller v National Presto Indus.*, 225 AD2d 1053, 1054).

Here, it is undisputed that Theoharis was experienced with the type of safety equipment on the forklift in question and understood both its purpose and the hazard involved when

operating the forklift without using the safety device. Under the circumstances, there was no duty for defendant to warn Theoharis, as "a warning would have added nothing to [his] appreciation of the danger" (*Liriano v Hobart Corp.*, 92 NY2d 232, 242). Moreover, even assuming such a duty, it is clear that there was a warning decal affixed to the forklift, which informed the operator not to operate the forklift "without fastening [the] operator restraining device." With regard to plaintiffs' claim that defendant was negligent in failing to take the forklift out of service, we observe only that the maintenance agreement did not provide defendant with exclusive management control over the leased forklift and, in those circumstances, no duty was owed to Theoharis in that regard (*see Palka v Servicemaster Mgt. Servs. Corp.*, *supra*).

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.