■ TERRY BLAIR, as Administratrix of the Estate of CHRISTOPHER BLAIR, Deceased, et al., Appellants, v NEWSTEAD SNOWSEEKERS, INC., Doing Business as NORTHERN ERIE SNO-SEEKERS, et al., Defendants, and ERIE COUNTY FEDERATION OF SNOWMOBILE CLUBS, INC., Respondent. [759 NYS2d 272] —Appeals from an order of Supreme Court, Erie County (Mintz, J.), entered January 16, 2002, which granted the motion of defendant Erie County Federation of Snowmobile Clubs, Inc. for summary judgment dismissing the complaints and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the motion of defendant Erie County Federation of Snowmobile Clubs, Inc. (Federation) for summary judgment dismissing the complaints and cross claims against it. It is the function of the court, in the first instance, to determine whether a defendant owes a duty to a plaintiff (*see Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]). Under the facts and circumstances of this case, we conclude that the Federation owed no duty to plaintiffs because it lacked authority or control over the design, maintenance or safety of the trail on which one plaintiff was injured and two plaintiffs' decedents were killed. The Federation therefore was under no duty to ensure a safe design or to warn of any hazards on the trail, and "no jury question of negligence is presented under the facts of this case" (*Darby*, 96 NY2d at 350; *see Hirsch v Rule*, 249 AD2d 966 [1998]). The contention of plaintiffs that they relied upon the Federation to ensure the safety of the trail is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, the record is devoid of evidence of such reliance. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.