■ Osman M. Yousuf, Respondent, v Elizabeth L. Nowak, Appellant. [760 NYS2d 923] —Appeal from that part of an order of Supreme Court, Onondaga County (Murphy, J.), entered April 26, 2002, that denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff, a parking attendant, commenced

this action to recover damages for injuries he sustained when he lost control of defendant's automobile and drove it into a wall at the garage where he was employed. Plaintiff alleges that the accident was the result of defendant's negligence in failing to warn him that the automobile was equipped with hand controls for acceleration and deceleration. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. "Under general tort rules, a person may be negligent because * * * she fails to warn another of known dangers or, in some cases, of those dangers which [s]he had reason to know" (*Schumacher v Richards Shear Co.*, 59 NY2d 239, 246 [1983]; *see Brzostowski v Coca-Cola Bottling Co.*, 16 AD2d 196, 202 [1962]; 8B NY Jur 2d, Automobiles § 1006). Defendant failed to establish as a matter of law that she was not negligent in failing to warn plaintiff of the presence of the hand controls or instruct him in their safe operation. Nor did defendant establish that her alleged negligence was not a proximate cause of plaintiff's injuries. Defendant cannot meet her initial burden on the motion by relying on alleged deficiencies in plaintiff's proof (*see Demila v DeMico Bros.*, 294 AD2d 264 [2002]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.