*975 Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered December 11, 2002, which granted the motion of defendant Maurer Company, Inc. for summary judgment dismissing the cross claims against it.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, and the cross claims are reinstated.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she was struck by a swinging automatic door. She initially commenced the action against Wesley Gardens (Wesley), the owner of the building, The Stanley Works (Stanley), the manufacturer of the door, and Maurer Company, Inc. (Maurer), which sold and installed the door. After plaintiff discontinued her action against Maurer, Maurer moved for summary judgment dismissing the cross claims of Wesley and Stanley against it, and Supreme Court granted the motion. We reverse.
Maurer contends that it met its initial burden on the motion by establishing that “[s]ervice people were instructed to provide . . . clients with a daily safety check document” and that Wesley cannot establish as a matter of law that it did not receive the daily safety checklist when the doors were installed in 1988. We disagree. Maurer is not entitled to summary judgment based solely on claimed deficiencies in Wesley’s proof (see Hicks v City of Buffalo, 281 AD2d 922 [2001]). In any event, although proof of practice is generally admissible (see Halloran v Virginia Chems., 41 NY2d 386, 391-392 [1977]; Soltis v State of New York, 188 AD2d 201, 203 [1993]), that proof was not conclusive here.
We also reject the contention of Maurer that its alleged failure to provide Wesley with a daily safety checklist was not as a matter of law in any way associated with the happening of the accident. There are issues of fact whether Wesley was properly instructed to inspect the door on a daily basis to ensure that it was operating correctly and whether any defect in the door would have been readily apparent had such instruction been provided (see Shubert v Bennett Mfg. Co., 201 AD2d 285, 286 [1994]). Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.