JESSICA H. SILVERMAN, Appellant, v NANCY SCIARTELLI, as Executrix of JAMES J. SCIARTELLI, Deceased, et al., Respondents. [770 NYS2d 555]—Appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered January 28, 2003, which granted defendants' motions for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are denied and the amended complaint is reinstated.

Memorandum: Supreme Court erred in granting defendants' motions seeking summary judgment dismissing the amended complaint. Plaintiff commenced this action seeking damages for injuries that she sustained when the vehicle that she was driving collided with a vehicle operated by James J. Sciartelli and owned by defendant Genuine Parts Company (Genuine Parts). James Sciartelli subsequently died, and plaintiff commenced this action against both the executrix of his estate and Genuine Parts. Defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law and thus their motion should have been denied, "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ.

*Med. Ctr.*, 64 NY2d 851, 853 [1985]). In support of their motions, defendants relied solely on "claimed deficiencies in the plaintiff's proof" (*Sterling v Town of Hempstead*, 260 AD2d 628, 628 [1999]; *see Cincotta v City of New York*, 292 AD2d 558, 559 [2002]; *Hicks v City of Buffalo*, 281 AD2d 922 [2001]; *Porter v Uniroyal Goodrich Tire Co.*, 224 AD2d 674 [1996]) and thus failed to meet their burden of affirmatively establishing that James Sciartelli "was free from negligence" (*Beyrle v Finneron*, 229 AD2d 1010, 1011 [1996]; *see Green v County of Allegany*, 300 AD2d 1077, 1077-1078 [2002]; *Tarson v Niagara Mohawk Power Corp.*, 278 AD2d 865, 866 [2000]).

We note that defendants' reliance on the decision of the Third Department in *Wiwigac v Snedaker* (282 AD2d 801 [2001]) is misplaced. That case is distinguishable on its facts inasmuch as the injured plaintiff therein was involved in two successive accidents and testified at his deposition that he "had no idea" which accident caused his injuries (*id.* at 802). In moving for summary judgment dismissing the complaint against him, defendant Walter Ronfeldt affirmatively established that the case fell within the rule set forth in *Ingersoll v Liberty Bank of Buffalo* (278 NY 1, 7 [1938]), thereby absolving him of any liability as a matter of law. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.