■ David P. DeJoe et al., Appellants, v Village of Fredonia, Respondent. [773 NYS2d 706]—

Appeal from a judgment of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered April 17, 2003. The judgment granted defendant's motion for summary judgment, dismissed the complaint, awarded defendant costs and disbursements, and denied plaintiffs' cross motion for leave to amend the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating that part of the

complaint, as amplified by the answers to interrogatories, alleging affirmative negligence and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs appeal from a judgment granting defendant's motion seeking summary judgment dismissing the complaint. To the extent that plaintiffs seek damages for injuries arising from the alleged failure of defendant to maintain a drainage ditch on a right-of-way across plaintiffs' property, we agree with Supreme Court that the prior notification provision of the Code of the Village of Fredonia bars recovery. Plaintiffs' contention that the prior notification provision applies only to culverts is raised for the first time on appeal and therefore is not properly before us (*see Bruno v Price Enters.*, 299 AD2d 846, 847 [2002]). Nevertheless, the complaint, as amplified by plaintiffs' answers to interrogatories, also alleges an affirmative act of negligence on the part of defendant in causing an obstruction of the drainage ditch and the local law provision does not require notification under those circumstances (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Because defendant did not establish its entitlement to judgment as a matter of law with respect to plaintiffs' claim predicated on defendant's affirmative negligence, the court erred in granting that part of defendant's motion seeking summary judgment dismissing that claim "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see Silverman v Sciartelli*, 2 AD3d 1463 [2003]; *Yousuf v Nowak*, 306 AD2d 894, 895 [2003]). We therefore modify the judgment accordingly. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.