■ THE HOMEOWNERS ASSOCIATION OF VICTORIA WOODS, III, INC., Plaintiff, v JUDITH INCARNATO, Appellant. PHILLIPS, LYTLE,

HITCHCOCK, BLAINE & HUBER, LLP, et al., Respondents. [778 NYS2d 811]—

Appeal from an order of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered January 21, 2003. The order granted the cross motion of Phillips, Lytle, Hitchcock, Blaine & Huber, LLP and Richard J. Mooney, Esq. for summary judgment dismissing defendant's claims against them and dismissed as moot defendant's motion to compel discovery.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the cross motion of Phillips, Lytle, Hitchcock, Blaine & Huber, LLP, and Richard J. Mooney, Esq. (respondents) for summary judgment dismissing all claims of defendant against them. In November 2001, plaintiff commenced this action to foreclose a lien on defendant's townhouse for unpaid assessments, charges and fees. In an amended counterclaim, defendant alleged that respondents violated the Fair Debt Collection Practices Act (15 USC § 1692 *et seq.*) by commencing the action on behalf of plaintiff without first verifying the alleged debt as required by 15 USC § 1692g (b). "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed . . . [V]erification is only intended to 'eliminate the . . . problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.' S. Rep. No. 95-382, at 4 [1977], *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699" (*Chaudhry v Gallerizzo*, 174 F3d 394, 406 [4th Cir 1999], *cert denied* 528 US 891). We agree with respondents that the documentation provided to defendant's attorney in July and September 2001 satisfies that purpose inasmuch as it confirms the amount of the underlying debt and the dates on which that debt was incurred (*see id.*; *Graziano v Harrison*, 950 F2d 107, 113 [3d Cir 1991]). The contentions of defendant raised for the first time on appeal are not properly before us (*see DeJoe v Village of Fredonia*, 5 AD3d 1035, 1036 [2004]; *Blair v Newstead Snowseekers*, 305 AD2d 1091 [2003]). Present—Wisner, J.P., Hurlbutt, Kehoe, Martoche and Lawton, JJ.