# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

291

CA 12-01517

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

WILLIAM A. CHAMBERS, PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

MELANI C. EVANS AND MATTHEW TOUSLEY,
DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

STANLEY LAW OFFICES, LLP, SYRACUSE (KEITH R. YOUNG OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), dated November 14, 2011. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, an automobile mechanic, commenced this action seeking to recover damages for injuries he sustained while he was servicing a vehicle owned by defendant Melani C. Evans, which was brought to plaintiff's place of employment, Cheney Tire, Inc. (Cheney Tire), by defendant Matthew Tousley, to have its dash face plate replaced. In switching out the face plate, plaintiff apparently caused electrical issues with the vehicle's fuel gauge. As plaintiff was disassembling the dashboard to recheck the fuel gauge, he noticed that the standard transmission vehicle was equipped with a remote car starter. Shortly thereafter, the vehicle unexpectedly started, dragged plaintiff for a distance, and then ran him over. In the complaint, as amplified by the bill of particulars, plaintiff alleged, inter alia, that Tousley negligently failed to warn him and/or Cheney Tire that the vehicle was equipped with a car starter, and that Tousley "negligently started the vehicle without the knowledge or permission of Cheney Tire . . . or any of [its] employees."

Contrary to the contention of defendants, we conclude that Supreme Court properly denied their motion for summary judgment dismissing the complaint. "Under general tort rules, a person may be negligent because he or she fails to warn another of known dangers or, in some cases, of those dangers [of] which he [or she] had reason to know" (*Schumacher v Richards Shear Co.*, 59 NY2d 239, 246; *see Quinonez v Manhattan Ford, Lincoln-Mercury, Inc.*, 62 AD3d 495, 497; *Yousuf v*

*Nowak*, 306 AD2d 894, 895).  We conclude that, under well-settled tort principles, defendants had a duty to warn plaintiff and/or Cheney Tire that their standard transmission vehicle was equipped with a remote car starter (*see Schumacher*, 59 NY2d at 246; *Yousuf*, 306 AD2d at 895; *cf. Quinonez*, 62 AD3d at 496-497).  Defendants' own submissions established that they were aware of the risks posed by the existence of a remote car starter on a standard transmission vehicle and of the precautions necessary to reduce those risks.  Defendants each testified at their respective depositions that, at the time the vehicle was purchased, the salesperson specifically told defendants that it had been equipped with a remote car starter, and advised them that it was necessary to place the vehicle in neutral and to apply the emergency brake before activating the remote starter.  Evans testified that, even before she purchased the vehicle, she was aware of those necessary precautions because she had friends who owned standard transmission vehicles outfitted with remote starters who had activated the starter while in gear and the vehicle would "smash into something."  Because of that risk, Tousley testified that, whenever he brought the vehicle to Cheney Tire for servicing, he "always told them there was a car starter in it, make sure you leave it in neutral and put the emergency brake on it."

Contrary to defendants' contention, we conclude that they failed to establish as a matter of law that the danger was open and obvious or that plaintiff was "fully aware" of the danger (*Theoharis v Pengate Handling Sys. of N.Y.*, 300 AD2d 884, 885).  Plaintiff testified that he did not notice the starter box while he was replacing the dash face plate, which took approximately 90 minutes.  It was not until plaintiff removed the lower dash plate in order to check the fuel gauge that he observed "a massive bunch of wires going to a box [and] just thought it had to be a car starter."  The accident occurred within a few minutes of plaintiff's observation, and he testified that he "didn't have a chance to do [any]thing" prior to the accident.

We reject defendants' further contention that plaintiff's experience and training relieved them of any duty to warn plaintiff of the existence of the remote car starter.  Although plaintiff was a certified auto mechanic with over 20 years of experience, including experience with standard transmission vehicles, he testified that remote car starters should not be installed on standard transmission vehicles and, indeed, he believed that it was "against the law" to do so.  We thus conclude that defendants failed to establish that plaintiff, based upon his training and experience, was "fully aware of [the] specific hazard" posed by the car starter (*id.*), i.e., that the vehicle could start while in gear without the clutch being depressed (*cf. id.* at 885-886; *Czerniejewski v Steward-Glapat Corp.*, 236 AD2d 795, 796).

Defendants' reliance on *Sam v Town of Rotterdam* (248 AD2d 850, *lv denied* 92 NY2d 804) is misplaced.  There, upon delivering a police vehicle to a car repair shop for repairs to its anti-lock braking system, a police officer advised the service personnel that the vehicle's anti-lock brake light flashed intermittently.  As an employee of the shop was driving the vehicle into the service area,

the brakes failed, causing the vehicle to strike the injured plaintiff, a brake technician (*id.* at 850). The plaintiffs alleged that the defendant was negligent in "failing to make [the shop] aware of the dangerous and defective condition of the vehicle's braking system" (*id.* at 851). In affirming the order granting the defendant's motion for summary judgment dismissing the complaint, the Third Department concluded that the defendant's duty to warn was "limited to known defects" inasmuch as "a customer seeking repair work has no legal obligation to diagnose the problem for the repair facility, the purported expert in the field" (*id.* at 852). Further, the defendant established that the repair facility "had been informed of all problems concerning the vehicle," and the plaintiffs "came forward with no evidence identifying the actual cause of the brake failure or giving rise to an inference that [the] defendant was or should have been aware of the defective condition that caused the brakes to fail" (*id.*).

Here, by contrast, defendants were fully aware of the allegedly dangerous condition, i.e., the presence of a remote car starter on their standard transmission vehicle, and the repairs they were seeking were wholly unrelated to the starter. Moreover, although Tousley testified that he notified an employee of Cheney Tire that the vehicle was equipped with a remote starter and that it should be left in neutral with the emergency brake on, plaintiff submitted a work order and invoices from the date of the accident that contain no such instructions. In addition, Tousley testified that the owner of Cheney Tire yelled at him immediately after the accident that there was "a car starter in the vehicle and we didn't know." We thus conclude that where, as here, a vehicle has been modified or altered in a way that poses a danger to a person servicing the vehicle of which the vehicle's owner has reason to know and that danger is not readily apparent, the owner of the vehicle has a duty to warn service personnel of the danger (*see Yousuf*, 306 AD2d at 895; *see generally Higgins v Mason*, 255 NY 104, 109; *Brzostowski v Coca-Cola Bottling Co.*, 16 AD2d 196, 202).

Finally, we conclude that there is an issue of fact whether Tousley retained possession of the key fob containing the remote starter while plaintiff was servicing the vehicle and, if so, whether he negligently activated the starter, thereby causing the accident (*see generally Johnson v Yarussi Constr., Inc.*, 74 AD3d 1772, 1773; *Murphy v Omer Constr. Co.*, 242 AD2d 964, 966). Although Tousley denied that he possessed the key fob at the time of the accident, plaintiff testified that the keys to the vehicle were on the passenger seat of the vehicle when the accident occurred and that there was no fob attached to the keys.

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court